Parsons, C. J.
The sheriff holds an office of great trust and importance. He is necessary to preserve the peace, and to execute the laws. He cannot farm his office, but must execute it in person or by his deputies, for the fees established by law. His power is great, and as it operates more immediately upon the suffering or unfortunate part of the people, he has opportunity to cause much vexation and oppression.
He expects a profit from the office, not only for himself, but also for his deputies, without whom the office cannot be executed. But all the legal profits must be the fees established by law; and to demand and receive other or greater fees is exaction or extortion.
If he demand of his deputies a sum of money in gross, or an unreasonable proportion of the fees they * may be [ * 397 ] entitled to for their services, they will indemnify themselves by oppressing and vexing the people, extorting money to which they have no legal claim.
A wise legislature will always endeavor to guard against this effect, by preventing the existence of the cause. For this purpose an English statute was passed early in the last century [3 Geo. 1. c. 11.], prohibiting the sheriff from selling the offices within his appointment. Our own legislature has macfe a different, and probably a more effectual provision, by passing the statute recited in the defendant’s plea. By that statute the fees of the office of sheriff are described and regulated; all of which are ranked under the heads of services done, and the travel of the officer. Of these fees, the deputy is entitled to retain against the sheriff three fourth parts, and the sheriff is prohibited from demanding or receiving more than the remaining fourth part.
At the common law, every security given for the payment of money, t\ie payment of which is prohibited by statute, is void as between the,parties to it. If this bond is of this nature, intended to *310 secure the sheriff a greater portion of the fees than he can receive without violating this statute, it is void as against the defendants.
The condition is for the payment of one third of the fees on all writs and executions executed by the deputy, which include the fees for service and travel. But it is said that there are other services, which a deputy might perform, besides executing writs and executions, and as he retains for his own use all the fees for these services, including travel, it is possible he may not be obliged to pay the sheriff more than one fourth of the amount of all fees for service and travel.
It is certainly possible; but the defendants have alleged in the bar, and if well pleaded, it is confessed by the demurrer, [ * 398 ] that one third of all the legal fees arising * on writs and executions, is in fact greater than one fourth of all the fees for service and travel. And there can be no legal objection to the defendants making this allegation. For when a security is in fact made contrary to the provisions of a statute, the party attempted to be charged on such security is not estopped from alleging any facts which show its illegality. Otherwise the statute would easily be defeated, by drawing a security with such art, that it might appear legal on the face of it. The plea in bar therefore very properly discloses a fact, which, being confessed, avoids the security. On this ground the plea in bar is good, and the plaintiff can take nothing by his writ.
But we are satisfied that the bond is bad on the face of it. This part of the statute is remedial, and ought to have a liberal construction, to prevent the mischief guarded against. The sheriff cannot demand and receive more than at the rate of a fourth part of the fees of service and travel. He shall not therefore compound with his deputy, and take more than a fourth part of the fees for certain services and travel, and appear to compensate him by relinquishing the fees due for other services. But for any services performed by his deputy he may demand one fourth part of the fees, and no more; and to this proportion he is limited for any and every other service done by his deputy. Upon any other construction the words “ at the rate of” become useless and insensible. Now this bond is taken to secure the payment of more than a fourth part of the fees for certain services, and is illegal on the face of it (a).

Plea in lar adjudged good.

 Collins vs. Blantern, 2 Wils. 347. — Poxton vs. Popham, 9 East. 408. — Greville vs. Atkins, 9 B. & C. 462.