BLACK *vs.* THE CAMDEN AND AMBOY RAILROAD AND TRANS-PORTATION COMPANY.

It is no error to admit testimony irrelevant at the time, if it is afterwards made pertinent by other testimony.

Whether or not a leading question may be put to a witness is a matter of discretion with the judge, at the trial; and the allowance of a leading question has ceased to be considered a matter to be reviewed on appeal.

In an action against a carrier, to recover damages for injuries sustained by a lot of cattle received for transportion, through the negligence of the carrier or its employees, the rule of damages is, the difference in value between the cattle when placed in the carrier's charge, and their condition when delivered, so far as caused by injuries on the way.

In actions *ex delicto,* it is in the discretion of the jury whether to allow interest by way of damages, or not.

And when the jury are instructed, in an action for negligence, to award the damages the plaintiff has sustained, the court may leave it to them to say whether on such damages the plaintiff is entitled to interest; but it is erroneous to instruct them as matter of law, that the plaintiff is entitled to interest on the damages.

THIS action was to recover damages on a lot of cattle, 84 in number, delivered to the defendants to be carried from Philadelphia to New York, which it is alleged were injured by the negligence of the employees of the defendants. The

Black *v.* Camden and Amboy Railroad and Transportation Company.

jury found a verdict in favor of the plaintiff, for $906.22. A new trial was asked for by the defendants, on various exceptions taken during the trial, and to the judge's charge, and on an appeal from an order of the judge denying a motion for a new trial on the facts.

*Washington Murray,* for the appellants.

*Max Goepp,* for the respondent.

*By the Court,* INGRAHAM, P. J. 1. The first exception taken was to the admission of evidence of the weight of a lot of cattle weighed for the plaintiff, which numbered 99, at Union Drove yards. Although at the time the deposition was read there was no evidence to show that it was the same lot of cattle delivered by the plaintiff, there was afterwards evidence in the case sufficient to warrant submitting the evidence to the jury. It is no error to admit testimony irrelevant at the time, if it is afterwards made pertinent by other testimony. But even if it was irrelevant it could not have affected the defendants' interests. The question was not one in which the weight of the cattle was material, and if error was committed it was one which could do no harm to the defendants.

2. An objection was made to the fourth interrogatory, and the answer thereto, as admitting a copy and not the original. The answer is a very simple one, viz: that the original was in a book kept at the scale where the cattle were weighed, which was out of the jurisdiction of the courts and over which the court had no power. The original could not have been annexed to the commission, and the court could not compel its production. In such a case a copy proved to be such is admissible.

3. The next objection is to a question put to a witness, and the fourth objection is to the admission of a part of the answer, on the ground that the question is leading. Whether

Black *v.* Camden and Amboy Railroad and Transportation Company.

or not a leading question may be put to a witness is a matter of discretion with the judge at the trial, and the allowance of a leading question has ceased to be considered a matter to be reviewed on appeal.

5. The next objection is to the admission of remonstrances to the men who had charge of the cattle that they were improperly stowed. These were made to the employees of the defendants. They were admissible to show that the attention of those in charge was called to the difficulty. What weight was to be attached to it belonged to the jury.

The seventh objection was of the same nature as the third, and not to be reviewed on appeal.

From the seventh to the twelfth objections inclusive, the exception is to showing when the market day was, because the defendants did not contract to deliver for any market day. Irrespective of that objection, the evidence was admissible to show that the defendants were compelled by the injuries to the cattle to keep them on hand. It might have been said that by a few days delay they could recover from the injury, and they could not have been sold before. This proof would have been admissible on the question of damages. The exceptions from the twelfth to the seventeenth inclusive relate to applications to employees for more room for the cattle, and complaints as to the mode of carriage. I have already noticed this objection. There was no error in the admission of these questions. Where a corporation is a party, it can only act by agents and employees ; and persons appointed on behalf of the company, to do any particular part of the work, are the proper persons to whom such communications should be made.

The questions as to damages were not objectionable. The rule was the difference in value between the cattle where placed in the charge of the defendants and their condition when delivered, so far as caused by injuries on the way. The evidence was admissible. It was for the judge in his

Black v. Camden and Amboy Railroad and Transportation Company.

charge to tell the jury how far it could be used for that purpose.

In regard to the motion to dismiss the complaint, and the judge's charge, there is no ground for objection as to the submission to the jury of the questions involving the plaintiff's right to recover. The evidence was ample for that purpose. The charge was not objected to, excepting on one point, to be noticed hereafter. The facts were fairly left to the jury where the decision belonged.

An objection was made to the instruction of the judge as to the allowance of interest. The charge was, "If you come to the conclusion that the defendants were liable for some damage, you will add to the amount of damage for which you think them liable, and add for the purpose of indemnifying the plaintiff, interest, from April, 1860, to the present time. That will be the amount of your verdict, if you find for the plaintiff at all."

It has for a long time been a controverted question whether in actions of tort interest could be given as a matter of right, in addition to the damages. In *Dana* v. *Fiedler*, (2 *Kern.* 42,) it was held that in an action for damages on a breach of a contract, the plaintiff was entitled to interest on the damages awarded for the breach, from that time until the trial. So in actions of trespass for taking the plaintiff's property. (1 *John.* 136. 1 *Baldwin*, 138.) And in trover, (4 *Cowen*, 58 ; 7 *Wend.* 354,) the plaintiff has been considered as entitled to interest on the value of the property taken or converted, from the time of conversion, but this rule has not, as far as I am aware of, been applied to other classes of torts, where there was no property taken or converted, and where the question was one of damages purely, unliquidated and to be assessed by a jury. The rule in such cases has been to leave the question to the jury not only as to the amount of damages, but as to the question of interest. This rule was recognized in *Walrath* v. *Redfield*, (18 *N. Y. Rep.* 462.) Selden, J. says: "The jury were not instructed to allow

interest, but its allowance was submitted to their discretion. There was no error in this. In general, in actions *ex delicto*, it is in the discretion of the jury whether to allow interest by way of damages or not." This was so held in an action against a carrier. (*Richmond* v. *Bronson, 5 Denio*, 55. *Lakeman,* v. *Grinnell, 5 Bosw.* 625.)·

I think this is the true rule, and where a jury are instructed in a case of negligence to award the damages the plaintiff has sustained, the court may leave to them to say whether on such damages the plaintiff is entitled to interest; but it is erroneous to instruct them as matter of law, that the plaintiff is entitled to recover interest on the damages.

For this reason I think a new trial should be awarded.

New trial granted.

[New York General Term, September, 19, 1865. *Ingraham, Leonard* and *Sutherland,* Justices.]