## N. Y. COMMON PLEAS.

LOUISA D. WEHLE, plaintiff and respondent, agt. JOHN G. HAVILAND, and others, defendants and appellants.

Where property was taken possession of under an attachment which was afterwards set aside for irregularity and the same property was subsequently levied upon under a valid attachment in favor of a third person, such latter attachment and levy, may, in an action against the wrongdoer for the first illegal taking, be shown in mitigation of damages.

In such case, according to the uniform decisions in this state, a defendant cannot show in mitigation of damages a subsequent valid process and levy in his own favor, although the rule seems to be otherwise in some of the other states.

Under the present mode of pleading, such process and levy in favor of a third person must be pleaded and cannot be given in evidence under a general denial.

Wrongdoers are not entitled to interest as between each other.

In actions *ex delicto* it is in the discretion of the jury to allow interest or not on the value of the property.

Where it appears, that errors have been committed on the trial, either by the admission of improper testimony or in the charge of the judge, which manifestly tended to prejudice the defendant, a new trial will be granted, notwithstanding no exceptions were taken ; *so held*:

1. Where the plaintiff and his witnesses testified in a general way as to the value of the goods taken by the sheriff without the production of any inventory or statement of the articles.

2. So, where the court charged the jury, that if one of several trespassers paid the judgment, he is entitled to contribution from the others.

3. So, in an action *ex delicto*, the court charged the jury, that the plaintiff was entitled to interest on the value of the property, as a matter of right.

*General Term, January,* 1872.

*Before* ROBINSON, J., F. DALY *and* LOEW, *JJ.*

THIS was an appeal from the judgment and an order denying a motion for a new trial. The complaint was in the nature of trespass *de bonis asportatis*, and the answer contained a general denial. The cause was tried before Ch. J., DALY and a jury, and a verdict was rendered in favor

of the plaintiff for $66,30, and the facts will be found in the opinions of the court.

C. BAINBRIDGE SMITH, *of counsel for the defendants and appellants.*

*First.* There is no principle of law better settled than that in an action for the wrongful taking or conversion of property, the defendant may show, in mitigation of damages, that the sheriff has, under an execution or other process in favor of a third person, taken possession of the same property; and the court below clearly erred in excluding the defendant's offer of proof in that respect (*Ball* agt. *Liney,* 44 *Barb.,* 505; *Sherry* agt. *Schuyler* 2 *Hill,* 204; *Higgins* agt. *Whitney,* 24 *Wend.,* 379; *Sedgwick on Dam.,* 3d ed., 519, 492; *Ward* agt. *Benson,* 31 *How.,* 411; *Hopple* agt. *Higbee,* 3 *Zabriskie,* 242; *Kaly* agt. *Shed,* 10 *Met.,* 317; *Plevin* agt. *Henschell,* 10 *Bing.,* 24; *Id.,* 25 *E. C. L.,* 17.)

I. The supreme court has held that where there is a wrongful taking of personal property by a party, under a process of the court which was afterwards set aside, that such party cannot show, in mitigation of damages, that the same property was afterwards seized by a valid process in his own favor. Such is the principle laid down in the following cases, (*Hanner* agt. *Wilsey,* 17 *Wend.,* 91; *Otis* agt. *Jones,* 21 *Wend.,* 394; *Lyons* agt. *Yates,* 52 *Barb.,* 237; *Peak* agt. *Lemon,* 1 *Lansing,* 205).

II. But where the property was taken by an attachment, or other process which was set aside, and the same property was afterwards seized by process *in favor of a third person,* then such fact may be shown in mitigation of damages (*Higgins* agt. *Whitney,* 24 *Wend.,* 379).

III. The rule so broadly laid down by the supreme court, that where property has been taken under process, which was afterwards set aside, the same party cannot, in any case,

show, in mitigation of damages, that the same property was seized under a valid process in his favor, is not founded upon reason or principle. The supreme court of New Jersey, in reviewing all the cases upon the subject, disapproved of the decisions of this state, and held that it was immaterial, so far as the question of damages resulting from the trespass is concerned, whether the attachment was sued out by A or B, or whether the property was applied to pay a debt of the plaintiff or any of the creditors who came under the attachment (*Hopple* agt. *Higbee*, 3 *Zabriskie*, 342).

*Second.* The court erred in charging the jury that they might give punitory damages. In an action to recover damages for the unlawful taking and conversion of the plaintiff's property, the value is the proper measure of damages (*Burt* agt. *Dutcher*, 35 *N. Y.*, 493; *Campbell* agt. *Woodworth*, 26 *Barb.*, 649; *S. C.* 20 *N. Y.*, 499; *Ives* agt. *Humphrey*, 1 *E. D. S.*, 196, 201, 203; *Hopple* agt. *Higbee*, 3 *Zabriskie*, 342).

*Third.* The court also erred in charging the jury that the plaintiff was entitled to interest by way of additional damages, which they might add to the valuation of the property at the time it was taken to the day of trial.

In actions *ex delicto*, it is in the discretion of the jury to allow interest or not, and it is error for the court to charge the jury that the plaintiff is entitled to it as matter of law (*Walrath* agt. *Redfield*, 18 *N. Y.*, 457, 462; *Black* agt. *The Camden and A. & R. T. Co.*, 45 *Barb.*, 43; *Richmond* agt. *Brownson*, 5 *Denio*, 55; *Lakeman* agt. *Greene*, 5 *Bosw.*, 625).

*Fourth.* Wrong doers are not entitled to claim contribution against each other, although the party injured obtains full satisfaction for his damages from a part of them only (*Miller* agt. *Fenton*, 11 *Paige*, 18-20; *Lingard* agt. *Bramley*. 1 *Ves. & B.*, 117; *Peck* agt. *Ellis*, 2 *Johns. C.*, 136-8; *Merriweather* agt. *Nixan*, 8 *T. R.*, 186; see 2 *Abb. Dig.*,

*Tit.* "*Contribution*," *p.* 113; *see* 6 *Abb. Dig., Tit.* "*Contri-
bution*," *p.* 145).

*Fifth.* Under the former system of pleading matters in
mitigation of damages, might be given in evidence without
being pleaded *(Sedg. on Dam.*, 546; *Hopple* agt. *Higbee*, 3
*Zabriskie*, 342; *Herkimer Manf. Co.* agt. *Small*, 21 *Wend.*,
273; *Higgins* agt. *Whitney*, 24 *Id.*, 379.)

I. The question now is, has the former rule been abro-
gated by the Code? The Code declares, that the answer of
the defendant must contain " a statement of any new matter
constituting a defense or counterclaim in ordinary and concise
language without repetition." Code, § 149.

New matter constituting a defense is, that which admits
the cause of action alleged in the complaint, yet constitutes
a defense to the same (*McKyring* agt. *Bull*, 16 *N. Y.*,
116; *Gilbert* agt. *Cram*, 12 *How.*, 455; *Radde* agt. *Brock-
bager*, 3 *Duer*, 684; *Harter* agt. *Crill*, 33 *Barb.*, 283;
*Bellinger* agt. *Craigue*, 31 *Id.*, 537; *Carter* agt. *Koezley*,
14 *Abb.*, 147; *Travis* agt. *Barger*, 24 *Barb.*, 614; *Hays*
agt. *Berryman*, 6 *Bosw.*, 679).

In *Bellinger* agt. *Crague*, (31 *Barb.*, 537,) the court
said: " The new matter mentioned in section 149 of the
Code is, that which admits and avoids the cause of action set
up in the complaint and constitutes a defense (*See* 41 *N. Y.*
116).

In *Carter* agt. *Koezly*, (16 *Abb.*, 147,) in the superior
court at general term, BOSWORTH, J., said: " It is as essen-
tial to the sufficiency of an answer under the Code stating
new matter as a defense as that of a special plea prior to the
Code, that it states facts, which if true, will bar the action,
or so much of it, as is attempted to be answered."

So in an action for seduction, matters in mitigation of dam-
ages, may be given in evidence without being pleaded (*Travis*
agt. *Barger*, 614.)

So, in actions for assault or false imprisonment (*Hays* agt.
*Berryman*, 6 *Bosw.*, 679.)

So, mitigating circumstance are admissible under a general denial in any action of wrong (*Harter* agt. *Crill*, 33 *Barb.*, 286.)

III. The evidence was offered in mitigation of damages, and there being no ground of objection specified, it is now too late to raise the objection, that the testimony was not admissible because it had not been pleaded (*Walter* agt. *National Fund Ins. Co.*, 20 *N. Y.*, 35; *Fake* agt. *Smith*, 7 *Abb.*, *N. S.*, 120.)

III. The evidence offerred is in no sense, a defense in whole or part; when a payment has been made and pleaded, it is a partial defense and admits the cause of action *pro tanto*. So it is with every defense as such (*McKyring*, agt. *Bull*, 16 *N. Y.*, 116.)

IV. Damages are not the subject of a denial (*Hackett* agt. *Richards*, 3 *E. D. Smith*, 13; *Gilbert* agt. *Bounds*, 14 *How.*, 46; *Woodruff* agt. *Cook*, 25 *Barb.*, 505.)

. *Sixth.* This court, as well as the supreme court at a general term has the power and right to examine the evidence at large, and upon the whole case, including the law and the facts, to set aside the verdict and grant a new trial. It is the duty of the court so to do, if it is apparent that injustice has been done, although no objection or exceptions were made or taken on the trial. (*Macy* agt. *Wheeler*, 30 *N. Y.*, 231; *S. C.*, 17 *Abb.*, 73; *Lusk* agt. *Smith*, 8 *Barb.*, 570.)

I. This is in conformity with the decisions of our courts prior to the Code: " A new trial may be asked for on a case, made, on the misdirection of the judge, although no exception is taken to the charge of the judge (*Archer* agt. *Hubbell*, 4 *Wend.*, 514, 517, *and note*; *Hart* agt. *Coltrain*, 24 *Id.*, 14, 15; *People* agt. *Holmes*, 5 *Id.*, 192.)

II. But on bill of exceptions the party was entitled to a new trial as a matter of right (*Myers* agt. *Malcolm*, 6 *Hill*, 292; *Northrop*. agt. *Wright*, 24 *Wend.*, 22.)

. III. A New trial was moved on the minutes of the judge, and from the order denying the same an appeal is taken

(*Lane* agt. *Bailey*, 1 *Abb.*, *N. S.*, 407; *S. C.*, 45 *Barb.*, 119; *Macy* agt. *Wheeler*, 30 *N. Y.*, 231; *Miller* agt. *Schuyler*, 20 *Id.*, 322.)

CHARLES WEHLE, *attorney and counsel for plaintiff and respondent.*

*First.* It was no defense to this action, that after the attachments in the marine court had been set aside and vacated, the plaintiff in those attachments procured attachments in another court, to protect themselves from the wrongs they committed under the marine court attachments which had been set aside (*Lyons* agt. *Yates*, 52 *Barb.*, 237; *Peak* agt. *Lemon*, 1 *Lansing*, 295, *and cases cited.*)

*Second.* The order of the marine court setting aside and vacating the attachments is conclusive in this case, it cannot be questioned collaterally.

If the order was wrong it can only be questioned by an appeal from that order (*Dobson* agt. *Pierce*, 12 *N. Y.*, 164; *opinion by* ALLEN, J., *Smith* agt. *Louis*, 3 *Johns.*, 157; *Hoveer* agt. *Field*, 1 *Pick.*, 435; *Postens* agt. *Postens*, 3 *Watts ald. Sarg*, 127; *Smith* agt. *Keen*, 26 *Maine*, 411.)

*Third.* On setting aside as irregular an attachment under which goods have been levied the plaintiffs in the attachment are trespassers in respect to such levy (*Lyon* agt. *Yates*, 52 *Barb.*, 237; *Kerr* agt. *Mount*, 28 *N. Y.*, 659; *Chapman* agt. *Dyett*, 11 *Wend.*, 31; *Smith* agt. *Shaw*, 12 *Johns.*, 257.)

*Fourth.* The defendant's theory, that " in an action for trespass on chattels, the defendant may show in mitigation of damages, that the sheriff has taken same property under a process in favor of a third party has no application to the case at bar."

I. There is no such fact set up in the answer.

II. There is no proof to that effect in the case; the evidence offered tends to show a joint trespass of defendants,

and other parties by taking the property first under void attachments of the marine court, and subsequently under attachments in this court issued by the same parties.

III. The case of *Ball* agt. *Liney*, (44 *Barb.*, 505,) only holds, that in an action of trover "the levy upon the property by an execution in favor of a third person against the plaintift in the action, and the consequent dispossession of the defendant was equivalent to a return of the property to the plaintiff" (*p* 515.) In the case at bar, the defendants were not dispossessed, and the original tresspassers (and not third persons) procured the issuing of the subsequent attachments (*See cases on fourth point.*)

*By the court*, JOSEPH F. DALY, J.—This action is in the nature of trespass, and was brought to recover damages for the taking of the stock of goods in plaintiff's store by the sheriff, under attachments issued out of the marine court in actions commenced by the defendants. Such attachments having been subsequently vacated as irregular. The jury found for the plaintiff in the sum of $66.30, the value of the goods taken and interest. Among other questions presented upon this appeal is the following:

On the trial the defendants offered to prove: "that on the day those attachments were discharged three other attachments were taken out in this court, that two motions had been made to discharge those attachments, and both those motions had been denied, and the property in question had been held ever since under these attachments, and that this proof was not offered as an excuse for the trespass, but it goes to the question of damage."

To this an objection was interposed by plaintiff, and the court sustained the objection. The defendants excepted.

The ground upon which the proof was rejected is not stated in the case, but is now claimed to be that it was not set up in the answer, and that it could not be received in mitigation of damages unless specialy pleaded. The defend-

ants answer was a general denial. Had it been pleaded it could have been shown upon trial.

Property taken out of the possession of the trespasser after the trespass, by virtue of valid legal process against the plaintiff, which has gone to his use, and the fact and amounts for which the process issued, may be shown in mitigation or reduction of the damage (*Hanmer* agt. *Wilsey*, 17 *Wend.*, 91; *Otis* agt. *Jones*, 21 *Wend.*, 394; *Higgins* agt. *Whitney*, 24 *Wend.*, 379; *Sherry* agt. *Schuyler*, 2 *Hill*, 204; *Squire* agt. *Hollenbeck*, 9 *Pick.*, 551; *Kaley* agt. *Shed*, 10 *Met.*, 317).

The above cases confine the defendants to proof that the subsequently valid process was issued not at his own suit but in favor of strangers to the action pending.

In some other states the courts have held that the defendant may show in mitigation, the fact wherever the goods have been applied in satisfaction of process against the owner (*Irish* agt. *Cloyes*, 8 *Verm.*, 30, 33; *Farrar* agt. *Barton*, 5 *Mass.*, 395; *Prescott* agt. *Wright*, 6 *Mass.*, 20; *Pierce* agt. *Benjamin*, 16 *Pick.*, 356; *Daggett* agt. *Adams*, 1 *Green*, 198; *Board* agt. *Head*, 3 *Dana*, 489-94; *Stewart* agt. *Martin*, 16 *Verm.*, 397), but the contrary has been held in this state; (*Lyons* agt. *Yates*, 52 *Barb.*, 237; *Peak* agt. *Lemon*, 1 *Lans.*, 295).

The question remains, whether under the Code matters in mitigation of damage in trespass can be pleaded, and if not pleaded can be admitted in evidence.

The return before or after suit brought, of the property to the plaintiff by the trespasser, was held to be no defense to the action, and it was held before the Code not to be pleadable (*Vosburgh* agt. *Welch*, 11 *Johns.*, 177; *Hanmer* agt. *Wilsey*, 17 *Wend.*, 94).

And the rule at common law is, that matters in mitigation of damages which cannot be specially pleaded, may be given in evidence under the general issue (*Chitty on Pl.* 14 *Am. ed.*, *vol.* 1 *p.* 506).

Matters in discharge or confession and avoidance of the action must be specially pleaded such as accord and satisfac tion, arbitrament, release, former recovery, or tender of amends (*Chitty on Pl.*, *id.*), but the proof offered by the defendants on the trial is of no such character.

It has been held in some cases that the rule under the Code is the same as formerly, and that matters in mitigation which do not constitute a defense cannot be pleaded, and may be given in evidence (*Kncedler* agt. *Steinbergh*, 10 *How.*, 73; *Foland* agt. *Johnson*, 16 *Abb.*, 239, *and cases cited*). And proof of the return of property by the trespasser or of its application to the satisfaction of valid process subsequently issued, has always been treated as matter in mitigation of damages and not of defense (*Edmonson* agt. *Nuttall*, 17 *C. B. Reports, N. S.*, 290).

The case of *McKyring* agt. *Bull*, (16 *N. Y.*, 308,) to which reference was made on the trial holds that in actions of assumpsit part payments cannot be given in evidence, unless pleaded even if offered in mitigation of damages.

In *Quinn* agt. *Loyd*, (41 *N. Y.*, 352,) the court holds that in actions for a balance due for work where there is no averment, as to the time the work was commenced or finished, or the terms of compensation fixed, proof of payments on account may be given in evidence without being pleaded, although payments whether as a defense or in mitigation of damages must be pleaded."

But these cases deal exclusively with the question of partial payments in actions on contract and they declare a long settled rule under the Code, viz., that defense of payment cannot be given in evidence under the general denial, except in the particular case discused in *Quinn* agt. *Lloyd*.

In *Bush* agt. *Prosser*, (11 *N. Y.*, 347,) which was an action of slander it was held, that the answer setting up matters in mitigation of damages, might stand without an answer, setting up justification; this was the first recognition of the right to plead under the Code matters in mitigation of dam-

·ages as a partial defense under sections 149 and 150 of the Code, although at common law such matters could not be pleaded, and are not pleaded in England at this time (*Linford agt. Lake*, 3 *Hurtst & Norm.*, 276.)

The court in *Bush* agt. *Prosser*, (*supra*,) per ALLEN, J., conclude, that facts constituting a partial defense and tending to mitigate the damages, may and should be pleaded.

· In *Foland* agt. *Johnson*, (16 *Abb.*, 239,) which was an action of assault and battery, where matter going merely to mitigate the damages was set up in the answer, the court held under the authority of the cases in the court of appeals above cited, that such matter may be pleaded as a partial defense.

, The matter in mitigation there set up was not in the nature of satisfaction, but concerned only the social condition and habits, &c., of the person claiming damages for injury by the assault and imprisonment complained of.

This alteration of the rule of pleading before the Code, is one productive of good results in cases where the matter relied upon in mitigation of damages, is really a partial satisfaction of the claim as in the present case, and of which the plaintiff should have notice before the trial. The fact offered to be shown by the defendant, viz., that the property was seized, and held by subsequent valid attachments against the plaintiff is not one which the plaintiff can certainly be presumed to be aware of, and be prepared to meet on the trial without notice that it is to be proved ; it does not resemble those matters usually urged in mitigation which refer to the condition, conduct or proceedings of the parties, at or before the time of the act for which the action is brought, and which, form a part of the motives, &c., inciting to the offense or circumstances immediately attending it. · I am inclined to follow the views of the supreme court at general term in the third district 1862, *Foland* agt. *Johnson*, (*supra*,) and hold the provisions of the Code, sections 149 and 150, requiring partial defenses to be pleaded, applicable to matters

in mitigation of damages, so far at least as those matters occur after the act complained of as the cause of action, and out of the presence of the plaintiff.

· The judge, at special term, on the trial, therefore, properly excluded the evidence offered at folio 199 of the case— the defense not having been set up in the answer. This question has been examined in view of the fact, that a new trial will have to be granted for the reason stated in the opinion of Judge ROBINSON, and the defendants in order to avail themselves of any defense in mitigation of damages of the character offered by them and here discussed, must obtain leave to amend and plead it specially.

ROBINSON, J.—But while entertaining the opinion that there was no error of law in the rulings or decisions of the judge upon any matters excepted to, yet there do appear such errors in the course of the trial which so manifestly tended to the prejudice of the defendants as require that a new trial should be granted.

*First.* The plaintiffs' witnesses without the production of any inventory or statement of the goods taken, or any either general or particular description of their quantity, quality, kind or character, or of the separate value of the numerous articles taken, from which any summary or aggregate value might be calculated or computed, were allowed to testify that the stock was worth between $10,000 and $12,000, and so far as appears upon this mere guess or conjecture a recovery has been had of $6,630, while the estimate of defendants experts, founded on an examination accompanied with an inventory, do not exceed $2,500. The opinion of experts is only admissible or of any weight when the facts or particulars upon which it is predicated have been so distinctly proven that any other expert who heard, testified to, or to whom they were communicated, would be in like manner enabled to make estimate or give an opinion. The general statement by a witness of his opinion or conclusion, without

the facts and particulars upon which it is founded appear to be within his knowledge, and the process by which his conclusion is arrived at, is improper testimony to be admitted on a trial (*Terpenning* agt. *Corn Ex. Ins. Co.*, 43 *N. Y.*, 279), and amounts at most to mere *conjecture*, and such to a very great extent must have been the character of the testimony introduced by the plaintiffs, and ought not to have prevailed against the more reliable evidence introduced by the defendants.

*Second.* The learned judge misdirected the jury in charging them that if one of several trespassers paid the judgment against him " he is entitled to contribution from the others, that as between him and them they must each bear their proportional parts." As between several wrong doers no such contribution can be enforced (*Peck* agt. *Ellis*, 2 *Johns.*, ch. 131; *Miller* agt. *Fenton*, 11 *Paige*, 18; *Anderson* agt. *Murray*, 33 *Barb.*, 354; 1 *Hillys on Tort*, 185, *note a*). There is an exception to the general rule where one person commits the trespass for the benefit of another, where he has acted innocently and without intent to break the law : in such case he may have recourse for the damages he sustains, but no such feature was presented in this case.

*Third.* He also erred in charging the jury that the party aggrieved was entitled to interest on the value of the property, by way of additional damages. In actions *ex delicto* it is in the discretion of the jury to allow interest or not, and it is error to charge them that the plaintiff is entitled to interest as a matter of right (*Sedg. on Dam.*, 386, 5 *ed.*, 441; *Black* agt. *Camden & A. R. & T. Co.*, 45 *Barb.*, 43; *Walrath* agt. *Redfield*, 18 *N. Y.*, 462).

For these reasons the judgment should be reversed and a new trial ordered, with costs to abide the event.