ADELAIDE M. De LAVALETTE, Respondent, *v.* FREDERICK B. WENDT, as Executor of DAVID M. PEYSER, Deceased, Appellant.

*Excessive damages — power of General Term as to.*

Where a motion for a new trial is made upon the ground that the damages given are excessive, the court, at General Term, should, if satisfied that such is the case, *ex debito justitiæ*, require that the judgment be reversed, and grant a new trial, even though there be doubt as to whether or not any exception was taken by which the error in the charge of the court below, from which such excessive damages resulted, was distinctly pointed out.

APPEAL from a judgment in favor of the plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial entered upon the minutes of the justice before whom the action was tried. This action was brought to recover for damages resulting to plaintiff from an alleged breach, by defendant's testator, of a contract for board and lodging. The evidence tended to show that plaintiff rented to defendant's testator certain rooms, and agreed to board his family from September 1, 1866, to May 1, 1867, for $150 a week.

*Charles Wehle,* for the appellant.

*Albert Stickney,* for the respondent.

BRADY, J.:

The plaintiff in this action seeks to recover damages, sustained by her in consequence of the testator's violation of his agreement with her, and by which he engaged board and lodging for himself and family from the 1st September, 1866, to the 1st May, 1867. The testator paid under the contract until the 4th December, 1866, but the rooms which he had engaged were not relet until the 21st December, 1866, when they were taken at $125 per week, by a family larger than that of the testator. The terms of the agreement was the subject of conflicting evidence, and a due bill given by the plaintiff to the testator, for the sum of $500, and a release said to have been executed by her to him, were also contentions upon the trial. It was claimed on the part of the defendant that the due bill was a loan, and by the plaintiff that it was in fact a payment. It was alleged by the defendant that the release was duly executed and fully understood by the plaintiff, while she declared that it was designed only to release the property of the testator, which she held by virtue of her lien or right of action, created by the contract made with him. Evidence which was conflicting, was given in relation to these instruments, and the issues thus created were submitted to the jury in the usual way. No exceptions were taken upon the trial, which require examination, and the exceptions to the charge, and to the requests to charge, do not, save one, require any other notice than the statement that due examination and considera-

tion of them has failed to impress the duty of granting a new trial. The rules of law applicable to the case in all respects, with the single exception referred to, were fully, correctly and clearly stated, and the complications arising so explained to the jury, that the submission by the justice presiding was unexceptionable. The error to which allusion is made is in reference to the rule of damages. The learned justice, at the beginning of his charge, expressed the rule properly, and as follows :

" The Supreme Court in this State, in a case very similar to this, many years ago decided, that a landlord who had let rooms, was not entitled as matter of course to recover from the tenant who had violated his contract, and abandoned the rooms, the whole price stipulated to be paid for the use of the rooms, to the end of the period specified in the contract, but only for such damages as had directly and necessarily resulted from the breach of the contract, and that the plaintiff could not refuse to rent the rooms to other lodgers, leaving them idle, and then recover against the defendant, as for use and occupation; that although one party was chargeable with a breach of the contract, the other party had no right to conduct himself in such a manner as to make the damages unnecessarily burdensome." ( *Wilson* v. *Martin,* 1 Denio., 605 ; *Mary A. Wetmore* v. *J. Hamilton Jaffray,* 16 N. Y. S. C. R., 140.)

There was no exception to this part of the charge. In concluding the charge, however, the learned justice said : If she is entitled to recover, she is entitled to recover from the 4th of December, 1866, to the twenty-first of December, at the rate of $150 a week, because it does not appear that she did or could let the rooms during that period, and the amount as computed by the witnesses, and not disputed, would be $514.28. She is entitled to recover, if she is entitled to recover at all, from the 21st of December, 1866, to the 1st of May, 1867, at the rate of twenty-five dollars per week, that being the difference of price that Peyser had agreed to pay, and the price which Block actually did pay, and that would amount to $464.28, which would make the principal sum of $978.56. If she is entitled to recover at all, she would be entitled to recover interest on that sum, which would be $862.92, making the total amount of the claim $1,841.48, and in that part of this expression of the law of damages, relating to the time the rooms engaged were occupied, it will be seen

that he was in conflict with what was stated at the beginning of the charge, because $150 a week was the whole price, and not therefore the damages. If the testator and family had occupied the rooms, and had received their board, the plaintiff would not have been entitled to more than $150 a week, and her damages could not for the period be such a sum, because the board would necessarily have involved expenditures in its procurement, and in its preparation. There was not however, any exception at this point interposed to this view. Subsequently the court, in answer to a request, said, among other things : " If the plaintiff is entitled to recover at all, she is entitled to recover $1,841.48, as I have already stated to you." The defendant excepted generally to what the learned judge said, and now claims that it was designed as an exception to all that was said, and which would include the erroneous rule of damages, because the sum mentioned was made by allowing the $150 per week for the period during which the premises were vacant. It is insisted by the plaintiff that the exception is worthless, because it did not select the reference to damages from the rest of the matter, and did not therefore point out, with sufficient particularity, the item objected to.

In the result it will make no difference whether the plaintiffs view be correct or not. This court has the power to correct a judgment, when the damages are excessive (*Cassin* v. *Delany,* 38 N. Y. Rep., 180), and when an improper rule has been stated, and a motion is made for a new trial, on the ground that the damages given are clearly unauthorized, the court *ex debito justitiæ,* may require that the amount be reduced, or direct that a new trial be granted, even, although there be doubt as to whether an exception was taken. In the case of *Wehle* v. *Haviland* (42 How. Pr. Rep., 409), the damages were declared to be excessive on well established rules, and the court directed a new trial, unless the excess was remedied. (See also *Finch* v. *Brown,* 13 Wend., 601.)

This was done, because when it clearly appears that a wrong has been done, the court should not ratify, but correct it. In this case it does clearly appear that the damages allowed for the period from the third to the twenty-first December were erroneous. We can not direct a reduction, because no facts were shown from which the damages for the period could be ascertained. The whole sum given must therefore be deducted or a new trial must follow. It is not at

all certain that the interest allowed on the principal was properly calculated, but as that may be corrected when the deduction suggested is made, it is not necessary to consider the matter further. The result of this review is that the sum of $514.28, and the interest allowed must be deducted from the amount recovered or a new trial is ordered.

We think that the defendant not having distinctly pointed out the error should not be allowed the costs of this appeal, if the deduction be made. If the deduction be not made, the costs are to abide the event. If the deduction be made, the judgment is in all other respects affirmed as to costs allowed as well.

We do not feel warranted in interfering with the order made at the Circuit on the subject of costs.

The order to be entered to be settled by Justice BRADY.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment reversed, new trial ordered costs to abide event, unless plaintiff stipulate within twenty days after service of order to deduct $514.28 and interest from the amount recovered, in which case judgment modified accordingly and affirmed as modified, without costs to either party on this appeal.