NEW-YORK,
May 1817.

KIDZIE *against* SACKRIDER AND OTHERS.

KIDZIE
v.
SACKRIDER.

IN ERROR, to the court of common pleas, of the county of *Delaware.* The defendants in error brought an action of trespass on the case in the court below, against the plaintiff in error, for a false return to a *certiorari.* The declaration stated, that the defendant below was a justice of the peace for the county of *Delaware,* and on the 19th of *July,* 1810, issued a summons against the plaintiff, in favour of *David B. Beers,* and *Sally Beers,* in a plea of trespass on the case ; that they appeared, and that the plaintiffs in that suit, declared against them, for diverting an ancient watercourse, to which the plaintiffs below pleaded. The declaration then sets forth the proceedings before the justice, and that judgment was given against the plaintiffs below, for four dollars ; that *Solomon M. Sackrider,* one of the plaintiffs below, within thirty days thereafter, made an affidavit of the testimony in the cause, before the justice, and of other facts, which affidavit is set forth ; that a *certiorari* was thereupon granted, and the *certiorari,* with the copy of the affidavit, delivered to the defendant below. The plaintiffs aver, that the affidavit contained a just, true, and accurate statement of the facts and proceedings in the cause before the defendant, who, well knowing that it did contain a true and just statement of such facts and proceedings, not regarding his duty as a justice of the peace, but contriving, and wrongfully, and unjustly, in tending to injure, prejudice, and aggrieve the plaintiffs, and to deprive them of the benefit of a just, true, accurate, and legal return, of the said facts and proceedings, did falsely and deceitfully return as follows, well knowing that such return negatived the affidavit, and that the facts stated in the affidavit were, in every point, true and correct. The return is then set forth, stating the issuing of the summons, the pleadings, adjournment, issuing a *venire,* and that one *Hoit,* on being drawn as a juror, was excused by consent of the parties ; whereas, in truth and in fact, the above recited return to part of the affidavit was, in many respects, false, and variant from the affidavit, and especially in this, that *Hoit* was excused by the consent of the plaintiffs, without taking the oath required by law ; whereas, in truth, and in fact, the defendant knew the said return to be false, and

*Where a party brings a certiorari to reverse a judgment in a justice's court, and the judgment is affirmed by the default of the plaintiff in error, in not appearing when the cause is called on the calendar, he may, notwithstanding, bring an action against the justice for a false return, who cannot plead, that the judgment was affirmed by the default of the plaintiff.*

NEW-YORK,
May, 1817.

KIDZIE
v.
SACKRIDER.

that the facts sworn to in the affidavit were true ; and whereas, in truth, and in fact, *Hoit* was discharged by the defendant, without taking any oath, and after the plaintiffs had insisted that he should serve as a juror.   Other parts of the return are then set forth, with averment of their falsity and variance from the affidavit ; and the plaintiffs aver, that the said affidavit is, in every respect, *true, and that the return of the defendant, taken* collectively, is false, and does not answer the affidavit in many important points ; but that the defendant, wickedly, &c. the same suppressed and misrepresented, whereby, the plaintiffs say, they were compelled to submit the cause to the supreme court, upon the facts contained in the defendant's return, thereby losing the benefit of the facts contained in the affidavit, so misrepresented and suppressed, those facts being material and sufficient to reverse the judgment against the plaintiffs, by means whereof the plaintiffs have been unable to have the judgment reversed, but on the contrary, the justices of the supreme court have affirmed the same : by means whereof, &c.

The defendant below pleaded, 1. Not guilty.   2. That by the course and practice of the supreme court, a cause in error, on *certiorari*, may be noticed for argument by either, or both parties, and put down upon the calendar for argument, and when called on, in its course upon the calendar, the party noticing it, may bring the same on to argument, if the opposite party appear ; and if the opposite party make default of appearance, then the party noticing the cause for argument, on producing due proof of the regular service of the notice, may obtain judgment by default, without argument ; and that the judgment on *certiorari* against the plaintiffs, was rendered by the court in pursuance of the said practice, being noticed by the defendants in error, for argument at the *May* term of the supreme court, 1812 ; and proof being made of the service of the notice, and the plaintiffs in error making default of appearance, without any examination or consideration of the facts contained in the return, whereby the judgment was affirmed by default, and whether the return of the defendant was sufficient to reverse the judgment, was in nowise determined.

The plaintiffs below demurred to the second plea of the defendant below, who joined in demurrer, and the plea was adjudged insufficient by the court below, and a verdict having been found for the plaintiffs below, upon the issue in fact, and

their damages assessed upon the issue in law, judgment was rendered accordingly ; to reverse which, a writ of error was brought in this court by the defendant below.

*Sherwood*, for the plaintiffs in error, contended, that an action for a false return would not lie, where the party makes no defence, but suffers judgment to pass by default. Every person is bound to take care of his own rights, and vindicate them in due season, and in proper order,[*] and if he has the means of defence, and neglects to use them, he is forever barred. In case of a false return of a member of parliament, an action does not lie, unless the matter has been heard and determined in parliament.[†]

[*] *Le Guen v. Gouverneur & Kemble*, 1 *Johns. Cases*, 502.

[†] *Lutwy*. 82—83. 1 *Salk*. 502. 6 *Mod*. 46.

He next made various objections to the pleadings, and pointed out several formal defects in the record, which he said were not helped by the statute of amendments; but which it is not necessary to state.

*Van Buren*, (Attorney-General,) insisted, that none of the cases cited by the counsel for the plaintiff in error, were applicable. That both the law and the fact were spread upon the record, and that the declarations contain sufficient averments to show a good cause of action. The cases as to false returns by sheriffs were not analogous.

*Per Curiam.* This case comes before the court on a writ of error to the common pleas of *Delaware* county. The action was against *Kidzie*, the defendant below, for a false return made by him, as a magistrate, in a cause of *David Booth Beers* and *Sally Beers* against the *Sackriders*, defendants in the justice's court, by reason of which false return the judgment was affirmed. To the declaration in the common pleas, the defendant pleaded, that the judgment of affirmance in the supreme court, on the *certiorari*, was by *default*. To this plea there was a demurrer; on which the common pleas gave judgment for the plaintiff, that the plea was bad.

The question here is, whether a party in a *certiorari*, who suffers judgment to be taken against him by default, can maintain an action against a justice for a false return ?

None of the cases referred to by the plaintiff's counsel warrant the position taken by him; and it does not seem to be sup-

NEW-YORK,
May, 1817.

JACKSON
v.
EMBLER.

ported by any general principles of law. The declaration in this case, as it must in all such cases, avers the falsity of the return, and the materiality of the matter alleged to be falsely returned ; and if it was not material, the justice might have so pleaded as to have shown this upon the trial. The plaintiffs aver, that by reason of such false return, they were unable to obtain a reversal of the judgment. This is sufficient. The judgment of the court below must, accordingly, be affirmed.

Judgment affirmed.