## SUPREME COURT.

RONALD MACDONELL, respondent agt. WHEELER BUFFUM, appellant.

*A justice of the peace* in making a *return* to an appeal, acts *ministerially*. And he is liable for a *false return* to an appeal for any damages which a party to such appeal may sustain.

Where competent evidence is offered on the trial, and rejected by the justice ; and at the time the justice makes his return, or amended return on appeal, he recollects the fact, or by a proper effort to refresh his memory, he can bring

the facts to his recollection ; and if he intentionally omits or neglects to use such effort, with a design on his part to prevent a reversal of the judgment, and wholly neglects to return such fact, he is liable in an action of damages for a *false return*, to the whole amount of damages which the appellant may show he has sustained in consequence of such false return.

The justice in such action cannot sustain his defence, that his ruling, rejecting the evidence, if actually made, was right under the pleadings ; that such evidence was not receivable under a *denial* answer ; that it was *new matter*, and should have been pleaded ; where it is shown that the action tried before him was one for carelessly and negligently running against the plaintiff's wagon, and injuring it to his damage of $50, the defendant's answer being a *denial* merely ; and the evidence offered by the defendant and rejected by the justice, tended to show that the *negligence on the part of the plaintiff contributed to the injury.*

This evidence should have been received under the denial answer, as it tended to prove that the plaintiff had no cause of action ; consequently it was not necessary to set it up and plead it as new matter.

*Argued February General Term* 1864, *and decided at Erie General Term, May,* 1864.

*Before* DAVIS, *P. J.,* MARVIN, DANIELS *and* GROVER, *Justices.*

APPEAL from judgment upon verdict, and also from order of special term denying motion for a new trial.

The action is for damages for a false return made by the defendant, a justice of the peace, in an action wherein one Nathan Francis was plaintiff, and MacDonell (the present plaintiff) was defendant.

Upon the trial of this cause, the record in the action of Francis against MacDonell was put in evidence, from which it appeared that the cause of action therein alleged was that the defendant, MacDonell, in September, 1858, at or near the fair ground in Erie county, ran against the plaintiff's buggy in a careless and negligent manner, thereby breaking and marring it to the plaintiff's damage of $50. The answer was denial.

The cause was tried in the justice's court, and judgment was rendered against the defendant, MacDonell, for damages and costs, $11. The defendant appealed to the county court. The justice, Buffum, made his return to the court. Upon the application of MacDonell, the appellant, the county court made an order requiring a further return and statement as to certain matters and subjects specified. The substance of the eighth specification was whether the defend-

ant's counsel offered to prove by one Hambleton that by the rules and regulations of the society (agricultural), the enclosures or track spoken of by plaintiff's witnesses, was set apart for the exhibition of horses entered for premiums; that defendant's horse and buggy, as such, were regularly and duly entered for premiums on the track, and that at the time the injury occurred, the plaintiff was a trespasser within said enclosure. *Ninth*, whether the plaintiff's counsel objected to the offer, and the grounds of the objection, and whether or not the court sustained such objection, and refused to admit such testimony. *Tenth*, whether the defendant did not offer to prove that by reason of the plaintiff's negligence and carelessness, the plaintiff's buggy came in collision with the defendant's buggy, and injured it to the extent of $25. *Eleventh*, whether the plaintiff's counsel objected to the offer and the grounds of the objection, and whether the court sustained such objection, and refused to admit the testimony.

The justice (the present defendant) made a further and amended return, and as to the eighth specification stated, there is no record in my minutes of an objection to anything offered to be proved by the witness Hambleton by the defendant, nor have I any recollection of any such offer or objection as that mentioned. To the *tenth*, I have no recollection of any such offer or objection, and have no record of such an offer or objection. To the *eleventh*, I have no recollection or record relating to the testimony of Hambleton, except what was formerly returned by me.

The county court made a second order that the justice return definitely and specifically to the interrogations eighth, ninth, tenth and eleventh, repeating them, contained in the first order.

The justice returned to the eighth, that he had no recollection that any such offer was made by the attorney for the appellant on the trial; that he had no such offer specified in his minutes of the trial; and that he could not amend or return to the interrogatory more specifically than he had done. To the ninth interrogatory, he stated that he did not

recollect that the offer was made; that he could not state that there was any objection made thereto. To the tenth and eleventh; that the counsel for the defendant did not make the offer stated in the tenth interrogatory, and consequently no objection could have been made thereto.

The county court reversed the judgment, and the plaintiff appealed to the supreme court, which reversed the judgment of the county court, and affirmed the judgment of the justice.

The testimony upon this trial proved, or tended to prove, that an offer was made by the defendant in the justice's court to prove by Hambleton, that by the rules and regulations of the society, the enclosure spoken of by the plaintiff's witnesses, was set apart for the exhibition of horses entered for premiums; that the defendant's horse and buggy, as such, were regularly entered for premiums on the track; and that at the time the injury occurred, the plaintiff was a trespasser on the track within such enclosure; that this evidence was objected to by the plaintiff's attorney, on the ground that it was immaterial and incompetent under the pleadings, and that if plaintiff was a trespasser, it did not justify the defendant in injuring the plaintiff's buggy; and that the objection was sustained by the justice.

Also, that the defendant in such trial before the justice, offered to prove that by reason of the plaintiff's neglect and carelessness at the time spoken of, the plaintiff's buggy came in collision with defendant's buggy, and injured it to the extent of $25; that this was objected to, and the objection was sustained by the justice.

On the part of the defendant, evidence was given tending to prove the contrary, or modifying the character of the offers, and tending to prove that the justice made no decision thereon. The justice, the defendant in this case, was a witness in his own behalf, and his evidence tended to prove that he did not understand that such offers, or either of them, were made, and if made, that he was not called upon to make any ruling, and that he did not rule; that he kept minutes, but they did not show any such offer; that he returned everything on his minutes, and all that took place as he understood

MacDonell agt. Buffum.

it according to the best of his recollection; that he did not intend to omit anything, and did not omit anything that he could recollect; he was 62 years old; he had assistance in making all the returns.

The charge was, that if the offer to prove that the plaintiff in the former action was a trespasser, was made as stated in the offer as testified to by Whitney, and the justice recollected at the time he made his original return, or either of the amended returns, that such offer had been made and ruled upon, and rejected by him; or, if he could have brought it to his recollection by the use of proper effort to refresh his memory, which effort he intentionally omitted and neglected to use, after his attention had been specially called to it by the orders or affidavits served on him, with a design on his part, to prevent a reversal, or secure an affirmance of his judgment, the plaintiff is entitled to recover, and the amount should be $171.68. The defendant excepted as to the right to recover, and also as to the amount.

The court also charged, that in determining the question whether such offer had been made, they were at liberty to consider whether the offer to prove that Francis by his negligence at the time of the injury complained of, injured the defendant's buggy, although that of itself would not be sufficient to enable the plaintiff to maintain this action; that if the jury should find that that offer was made, it would be a circumstance proper for their consideration in determining whether the other offer had been made. This was excepted to.

The judge further stated that the evidence tended, in his opinion, very strongly to prove that the offer was made, and if that was the only question, he should feel bound to direct a verdict for the plaintiff. To this the defendant excepted.

The defendant's counsel requested the court to charge that the evidence embraced in the first offer was incompetent under the answer. Refusal and exception. Also, that the evidence so offered was immaterial. Refusal and exception.

There are several other requests to charge, most of which

are noticed in the opinion.   There was a verdict for the plaintiff for $171.68.

HUMPHREY & PARSONS, *for defendant, appellant.*
GEO. W. COTHRAN *and*
ALLAN MACDONELL, *for plaintiff, respondent.*

I. A justice of the peace in making a return to an appeal acts ministerially (*Houghton* agt. *Swarthout*, 1 *Denio*, 589).

II. To entitle the plaintiff to recover, it was only necessary to show that the return of the justice was false in some material respect.

The evidence which was offered and excluded by the justice, and which he refused to return, was very material.   It would have established a complete defense to the action, for it would have shown MacDonell rightfully inside the track of the agricultural grounds—having entered his horse and buggy for premiums—and Francis a trespasser there, and that his own negligence and misconduct contributed directly to the injury he sustained (*Munger* agt. *Tonawanda R. R. Co.* 4 *N. Y.* 349).   This was competent under a general denial (*Same authority*).

III. The rule of damages adopted by the court was the correct one ; to wit, the amount of the judgment of the general term against MacDonell, and the amount for which he was liable to his attorney, and interest to time of trial, all of which was properly proven; and made out a complete cause of action for the plaintiff.

IV. The defendant's objection to the reception of the first order of the county judge, and the return thereto in evidence on the ground that it did not purport to be an order of any court, is not well taken for the reasons :

1st. That the defendant understood it to be an order from the county court, which is evidenced by his making an amended return thereto, and having made a return, he is liable for its falsity.

2d. And even if the objections were well taken, the evi

dence was merely immaterial, the second order and return thereto covering precisely the same ground.

V. The motion for non-suit is equally unavailing.

It was most clearly proven that the defendant knew his return and amended return were false, and it is so found by the jury. In addition to the general requirement of the law that he make a correct return, his attention was particularly called to the matter complained of by two several orders from the county court.

It was not necessary on this trial for the plaintiff to show that the evidence excluded was true in fact, or that it would have made out a defense to the action. It was sufficient for the purposes of this action to show that the defendant knowingly refused to return material evidence that had been offered on the trial before him; and this he did. The motion for non-suit was properly denied.

VI. The three exceptions to the charge, and the eighth exception to the judge's refusals to charge, are not of sufficient importance to require any argument. Upon the positive and unequivocal testimony given by the plaintiff, showing beyond all dispute that the testimony was offered, objected to and excluded by the justice as is claimed, the charge is as favorable for the defendant as could be expected. That the evidence was offered before the justice, no witnesses even on the part of the defendant pretended to deny; they only endeavor to make it appear that the justice did not "rule on it." It is simply ridiculous to pretend that no ruling was made upon it. If there had not been any ruling on it, why the necessity of reducing it to writing, and if it was not ruled out, why was it not given when the witness was on the stand? But the justice does not pretend in his amended return, that it was not offered and excluded; he simply "don't recollect." And he says, "I can't swear whether he made any such offer as that read here to-day."

I am of the same opinion that the judge seems to have been at the trial, that there was really not enough proven by the defendant to amount to a conflict of testimony. A

verdict for the defendant would have been set aside as being contrary to evidence.

The judgment should therefore be affirmed with costs.

MARVIN, J. This case is somewhat complicated, and not entirely free from difficulty.

I have no doubt a justice of the peace is liable for a false return to an appeal for any damages which a party to such appeal may sustain. In making the return, the justice acts ministerially.

The evidence in this case seems to have been fairly submitted to the jury, and the defendant cannot complain of the rule which the learned justice imposed upon the jury.

The jury, under the charge, must have found that the offer of evidence was substantially as claimed by the plaintiff; and that it was rejected; and also, that the defendant at the time he made his return or amended return, recollected the facts, or that by a proper effort to refresh his memory, he could have brought the facts to his recollection; and that he intentionally omitted or neglected to use such effort, with a design on his part, to prevent a reversal of the judgment.

This rule was sufficiently restricted and favorable to the defendant.

Assuming that the offered evidence, if received and given, would have constituted a defense, it was clearly error to reject it, if it was admissible under the pleadings; and, of course, such error would have caused a reversal of the judgment, and the defendant would have been relieved from the judgment of the justice, and the costs upon appeal, and would have recovered costs. It seems to me, therefore, that the measure of damages adopted by the court was correct, assuming that the action was maintainable.

This brings us to the important question of the case. The defendant's counsel claims that the ruling of the justice, rejecting the evidence, if actually made, was right under the pleadings; that such evidence was not receivable under a *denial* answer; that it was new matter, and should have been pleaded.

If this position is correct, the judgment must be reversed, for the plaintiff has not been injured by the return.

I am not able to assent to this proposition. It is well settled law, that a plaintiff cannot recover damages in an action for the negligence of the defendant, if his own negligence contributed to the injury. The gravamen of his action is that he sustained damages, by reason of the negligence of the defendant, not by reason of the negligence of the defendant *and himself*. His complaint avers that the damage was by reason of the negligence of the defendant. This averment is put in issue by the denial answer, and if the facts put in evidence by the plaintiff do not show his negligence, I think the defendant may, if he can, prove such negligence, and thus negative the complaint. It is not new matter, admitting the cause of action and avoiding it, but it is matter showing that the plaintiff never had any cause of action.

As the plaintiff must be free from fault, some of the cases intimate that he must prove affirmatively that he was without fault, and that it must so appear from his evidence. I doubt this, for the reason that the law will not presume fault to any one, and although it must appear from the complaint that the injury resulted from the *negligence* of the defendant, the law will presume both parties free from negligence until the testimony overcomes the presumption. Hence the plaintiff must prove the negligence of the defendant, and as to his own negligence, if it is not made to appear by the testimony he gives (as it generally is), he may rely upon the presumption of his innocence, and leave the defendant to answer the presumption by evidence. All the evidence is pertinent to the question whether there ever was a cause of action.

The general rule in *Stoddard* agt. *Onondaga Annual Conference* (12 *Barb.* 576), referred to by counsel, "that new matter constituting a defense, under the Code, must be taken to mean, some fact, which the plaintiff is not bound to prove, in order to make out his cause of action, and which goes in avoidance or discharge of the cause of action alleged in the

complaint," is sound enough. Whatever, as evidence, the law presumes in one's favor, need not be otherwise proved, but it may, unless the presumption is conclusive, be disproved, or the presumption be rebutted by evidence. Pleading *new matter* as a defense, pre-supposes that a cause of action once existed, and the new matter is to defeat it. Now, in this case, if in truth the negligence of the plaintiff contributed to the injury, the plaintiff never had a cause of action.

I am satisfied that the evidence offered should have been received under the denial answer, and had it appeared by the return that it was offered and rejected, the judgment of the justice must have been reversed, and the defendant would have been relieved from it and the costs, and hence to such extent he sustained damage by reason of the false return. And this is an answer to the position of the defendant, that it was incumbent upon the plaintiff on this trial to prove the actual existence of the facts offered to be proved on the trial before the justice. If it was error to reject the offer, the appellate court cannot inquire whether the party making the offer could have given the evidence.

There were several requests to charge and refusals, or refusals with explanations and exceptions taken. I have examined them, and think that none of the exceptions were well taken. The court might well have held that the evidence as offered would have constituted a defense. But it was entirely correct to charge that if the evidence would have tended to establish a defense, it should have been received. And also, the proposition, that unless the evidence offered would have tended to establish a defense, there could be no recovery.

That part of the charge relating to the offer to prove that the plaintiff by his negligence, injured defendant's buggy, was not objectionable. The jury were told that such evidence would not be sufficient to enable the plaintiff to maintain his action, but if the jury were satisfied it was made, it would be a circumstance proper for consideration in determining whether the other offer was not made; in other words,

consider all the circumstances in evidence, and say whether the offer, the rejection of which was error, was made.

Upon the whole, I think the judgment must be affirmed, and the order denying the motion for a new trial must be affirmed, with costs.

All the justices concurring, judgment affirmed.