# N. Y. COMMON.PLEAS.

HERVEY BROWN *et al.* agt. JAMES ELLIOTT.

In an action of tort for defendant's negligence, testimony on the part of the defendant tending to establish contributory negligence on the part of the plaintiffs, whether such testimony is founded on a voluntary agreement by the plaintiffs or otherwise, is admissible under a general denial in the answer.

One assuming the voluntary performance of an act or duty for another cannot make any claim for malfeasance or neglect in respect to such matters when such malfeasance or neglect has been caused by him or to which he has contributed.

Where the court allowed witnesses to testify to the amount of damages the plaintiffs sustained occasioned by the overflow of croton water on their goods by making general and gross estimates of such damages,—*Held*, that such testimony was improper.

And where plaintiffs were allowed to prove and recover as part of their damages the amount of injury to goods in their store owned by a co-occupant, and to which the plaintiffs had neither possession nor the right of possession,—*Held*, error.

*General Term, December*, 1872.

*Before* DALY, *Ch. J.*, ROBINSON *and* LARREMORE, *JJ.*

THIS was an action by the plaintiffs, who composed the firm and did business under the name of Hervey Brown, for damages resulting from an overflow of croton water upon premises No. 143 Duane street, city of New York.

The plaintiffs occupied the first floor and basement, and the defendant occupied the second floor. Upon the premises of the defendant, under the stairs, was a urinal, over which was a stop-cock. This stop-cock was left open, and the water rising in the night and on a Sunday, began to flow, and as the

waste pipe was stopped by the leaf of a segar, the water over-
flowed, and ran down into the premises of the plaintiffs.

The case was tried before Hon. CHARLES H. VAN BRUNT
and a jury, and a verdict was rendered in favor of the plain-
tiffs against the defendant for $5,000. Judgment was entered
upon the verdict for $5,626.05, from which the defendant
appealed. The other facts will be found in the opinion of
the court.

C. BAINBRIDGE SMITH, *of counsel for the defendant and
appellant.*

I. Evidence that the plaintiffs' negligence contributed to
the injury sued for is admissible under an answer containing
a general denial, and the court erred in rejecting the testi-
mony on the part of the defendant tending to prove the
plaintiffs' negligence (*McDonell* agt. *Buffum*, 31 *How.*, 154,
*Supreme Court, General Term* 8*th dist. ; Wall* agt. *The Buf-
falo Water-Works Co.*, 18 *N. Y.*, 119; *id.*, 38 *N. Y.*, 455;
*Indianapolis & Cin. R. R. Co.* agt. *Rutherford*, 29 *Ind.*, 82;
*Cunningham* agt. *Lynes*, 22 *Wis.*, 245; *Holden* agt. *Liver-
pool Gas Co.*, 3 *C. B.*, 1, 1846; *S. C.*, 3 *Man., G. & Scott*,
54 *E. C. L. R.*, 1, *and cases cited ; 1 Saund. Pl. and Ev.*,
765, *and cases cited*).

1. The reason of the rule is founded upon the principle;
that not only the defendant must be guilty of negligence,
but the facts must show that the plaintiffs themselves are not
chargeable with negligence or any want of proper care;
Both these elements are essential in maintaining an action of
this nature (*Deyo* agt. *N. Y. Central R. R. Co.*, 34 *N. Y.*,
1; *Wilds* agt. *The Hudson R. R. R. Co.*, 24 *id.*, 431; *Delafield*
agt. *Union Ferry Co.*, 10 *Bosw.*, 216; *Mangam* agt. *Brook-
lyn City R. R. Co.*, 36 *Barb.*, 230; *Wall* agt. *The Buffalo W.
W. Co.*, 18 *N. Y.*, 119; *McDonell* agt. *Buffum*, 31 *How.
Pr. R.*, 154, 162).

2. So "reasonable or probable cause," in an action of

malicious prosecution, being a part of the plaintiffs' cause of action, need not be set up in the defendant's answer (*Rost* agt. *Harris*, 12 *Abb.*, 446; *Radde* agt. *Ruchbager*, 3 *Duer*, 684; *Simpson* agt. *McArthur*, 16 *Abb.*, 302; *Andrews* agt. *Bond*, 16 *Barb.*, 633).

3. So in an action of assumpsit, the defendant could always show, under a general denial, that he was never indebted to the plaintiff (*Schermerhorn* agt. *Van Allen*, 18 *Barb.*, 29, 31; *Andrews* agt. *Bond*, 16 *id.*, 633).

II. The court erred in allowing the plaintiffs' witnesses, some of whom had never seen the goods and others who did not know their value, to prove the amount of damages sustained by the plaintiffs by estimating a per centage on the whole amount. This was a mere opinion, and such testimony is clearly incompetent (*Moorehouse* agt. *Matthews*, 2 *N. Y.*, 514; *Terpenniny* agt. *Corn Exch. Ins. Co.*, 43 *id.*, 410; *Wehle* agt. *Haviland*, 42 *How. Pr. R.*, 399; *Norman* agt. *Wells*, 17 *Wend.*, 161).

III. The court erred in allowing the plaintiffs to recover for damages to the goods belonging to F. W. Smith. There was in no aspect of the case a cause of action in favor of the plaintiffs against the defendant for any damage to these goods. The plaintiffs had neither possession of or any interest in them (*Smith* agt. *Milles*, 1 Term R., 475). The judgment should be reversed.

MARTIN & SMITH, *attorneys.*

AUG. F. SMITH, *of counsel for the plaintiffs and respondents*

I. This agreement or understanding, or usage to make out an agreement, was new matter, was matter of defense, and should have been pleaded. It was no part of the plaintiffs' case to aver that no such agreement or understanding existed, and, as it was not, the plaintiffs could not aver anything about it, nor prove anything about it as a part of their

case, and of course the defendant could prove nothing about it until he had properly set it up in his answer. The case of *Talmadge* agt. *The Renss. and Sara. R. R. Co.* was just such a case. The plaintiff sued the defendant for killing his cow. The defendant answered an agreement to build a fence along the road, and the plaintiff replied the statute of limitations (13 *Barb.*, 493). This was correct pleading. The Code says that the answer must contain: 1. A denial of each material allegation. 2. A statement of any new matter. This case is within the letter of the Code (*see* 1 *Chitty's Pleadings*, 491; *McKyring* agt. *Bull*, 16 *N. Y.*, 299).

In other forms of action, as in trespass, the defendant had to plead specially even a license to enter upon land (15 *Barb.*, 502).

Under the Code there is no *general issue*, and a denial puts in issue nothing but what the plaintiff has averred (*Texier* agt. *Gouin*, 5 *Duer*, 389, 392; *see* 12 *Barb.*, 573, 576).

In *Beatty* agt. *Swartwout*, which was trover, it was held that a license to take the property could not be proved under a simple denial (32 *Barb.*, 293; *see also Graham* agt. *Harrower*, 18 *How. Pr. R.*, 144).

In *Haight* agt. *Badgeley* it was held that in trespass a license to enter the house of the plaintiff must be pleaded (15 *Barb.*, 499; *see also Althouse* agt. *Rice*; 4 *E. D. Smith*, 347; *Squires* agt. *Seward*, 16 *How. Pr. R.*, 478).

II. An agreement, from the inconvenience or hardship of a rule, has always been deemed logical.

In this case the defendant pleaded the fact that there was a stop-cock upon the plaintiffs' premises, by which they could have controlled the water; but doing this he saw fit to omit to plead the agreement or understanding. Of course the plaintiffs were misled, and lost the opportunity to preserve the proofs necessary to protect themselves. The rules of pleading are designed to apprise parties of the grounds of a complaint or a defense.

III. The defendant, on the trial, cited and relied upon the

case of *MacDonnell* agt. *Buffum* (31 *How.*, 174). In that case the plaintiff was a trespasser upon the fair grounds where the defendant was an exhibitor, and as such had a right to be. The court held that it was proper for the defendant to show these facts under a general denial.

The judgment should be affirmed.

*By the Court*, ROBINSON, *J.*—This action was brought by plaintiffs, who were tenants occupying the first story and basement of a store in this city, against the defendant, the occupant of the second and upper stories, for injury to their goods, occasioned by an overflow of water on to their premises from defendant's premises, occasioned, as is alleged, by the negligence of the defendant or his agents or servants, whereby plaintiffs' goods were damaged, and they interrupted in the enjoyment of their premises and business, and put to expense in removing and selling the damaged goods.

The answer denied the occurrence of any such accident in the manner charged; and alleged that if any damage was caused thereby it was the result of the plaintiffs' negligence. It also sets up that the plaintiffs, at the time of the injury, had under control the stop-cock connecting with the water flowing on to defendant's premises, and controlling its flow; and that they had it in their power to control it at pleasure, and to prevent its flow on to their premises from those of the defendant; and if any injury was caused thereby, it was through their negligence in failing to make use of the stop-cock, or in failing to make proper use thereof.

The evidence adduced at the trial shows plaintiffs had on their premises such a stop-cock, entirely controlling the flow of water upon the defendant's premises; that on the night of the accident it was not turned so as to cut off the water from its upward flow; that another cock on defendant's premises that allowed the water to flow into and pass off through an urinal, was left open on the night of this occurrence, and that by reason of the accidental stoppage of the

waste holes in the urinal by a piece of segar, the water, being left running, overflowed the urinal, and ran down on to and through the floor, and into plaintiffs' premises below, occasioning the injury complained of; and that this occurred during the night-time when all the parties, as was customary, were absent from the premises. The evidence established the neglect of the defendant in allowing the water-cock on their premises to remain open, and the flow of water through the urinal to be obstructed by a piece of segar, as the immediate cause of the injury.

1. The matter first presented for consideration upon the exceptions is the refusal of the judge to admit evidence tending to show contributory negligence on the part of the plaintiffs in omitting a service or duty which it was claimed they had previously assumed and ordinarily performed until the night of the accident, in stopping off the flow of water up to defendant's premises by the stop-cock on their premises. The averment that the injury was caused by plaintiffs' failure to use these means of avoiding such an accident is set up in the answer. The judge appears to have regarded this alleged assumption of duty on the part of the plaintiffs as matter that ought to have been specially pleaded; and ruled that the testimony offered as to plaintiffs' negligence, founded on their voluntary agreement, was inadmissible. Various offers tending to establish such assumption of duty were made, but rejected, and, in my opinion, erroneously.

In an action of tort for negligence, evidence that the acts or omissions of the plaintiffs contributed to the injury, is admissible under a general denial that the injury complained of was occasioned by the defendant. The right of recovery depends on plaintiffs establishing (at least by *prima facie* proof) that he in no respect by his own negligence contributed to the injury, but that it was occasioned solely by the defendant's acts (*Button* agt. *Hud. R. R. R. Co.*, 18 *N. Y.*, 248; *McDonnell* agt. *Buffum*, 31 *How. Pr. R.*, 154; *Deyo*

agt. *N. Y. Cent. R. R. Co.*, 34 *N. Y.*, 9 ; *Griffin* agt. *Same,* 40 *N. Y.*, 34).

Such exemption from liability was equally available to this defendant, if the injury complained of was in any way attributable to plaintiffs' neglect in turning off the water by the main stop-cock on their own premises, whether regarded as a primary duty arising from having its entire control, or as one they had gratuitously assumed, and were in its ordinary performance for the accommodation of the defendant (*Ed. on Bail,* 94). One assuming the voluntary performance of an act or duty for another, engages for such skill and attention as it ordinarily requires ; and if it be in respect to a matter for which the defendant is under contract or obligation with himself, he cannot make claim for any malfeasance or neglect to which he has himself been a party or contributed. In an action of tort for negligence in performance of such duty, the fact that plaintiff contributed to the injury would be available under a general denial that it was caused by the defendant's neglect, and without special defense of such secondary intervention of the plaintiff in aid of the primary duty or obligation the defendant had assumed. Such a general denial does not confess and avoid the cause of action, but presents the principal fact or transaction upon which an action for negligence is founded as evidence that the injury complained of was not occasioned solely by the default of the defendant and without plaintiff having in any way contributed to it. Under these considerations, if, as was attempted to be shown, the plaintiffs had so assumed the control and management of the flow of water up to the defendant's premises as to have relieved the defendant from vigilance and care as to the minor details of the water-works on his premises, and from apprehension of any such accidental injury resulting from the water being left running, and an overflow being occasioned by the piece of segar falling into the urinal, plaintiffs' omission of such duty constituted a fair subject for the consideration of the jury as an act of contributory negligence,

and the evidence offered ought to have been admitted (*Rudolphy* agt. *Fuchs, G. T., March,* 1872; 5 *Alb. Law J.,* 201).

2. The plaintiffs were also allowed, under objection and exception, to introduce proof as to damages the goods had sustained, upon general and gross estimates by the witness, made without examination or knowledge of their kind or quality, or of the particular extent of injury to the several articles, in respect to and upon which such estimates were made. The plaintiff, Hervey Brown, was asked (p. 28, fol 112):

" Q. What was the amount of damaged goods?

" Objected to. Objection overruled. Defendant excepts.

" A. They amounted to $29,954.82.

" Q. Did you examine these goods so that you are able to give an estimate of the amount of damages these goods suffered from the water?

" A. I did not go into a minute examination of them, as far as that goes; because the variety of goods was so great that the damage on some would be less and others a great deal more. Some of these goods were damaged fifty per cent and some not ten.

" Q. What per cent on the whole would be a fair amount on the whole to compensate for the loss?

" Objected to. Objection overruled. Defendant excepts.

" A. I should think near twenty-five per cent."

This was error. He was not shown competent to speak on the subject from any knowledge or examination of the goods, or the extent of injury each particular lot had sustained, so as to enable him to make a specification of the injuries, or of each item constituting the gross sum or per centage on the whole, to which he was permitted to testify. (*Terpenning* agt. *Corn Ex. Bk.,* 43 *N. Y.,* 279; *Wehle* agt. *Haviland,* 42 *How.,* 399).

He had disclosed his ignorance and inability to give legal evidence on the subject; and the answer to the last question

Brown agt. Elliott.

could lead to but one result, to place himself in the stead of the jury, to assess, in gross, the plaintiff's damages. (*Decker* agt. *Myers*, 31 *How.*, 378).

3. The plaintiffs were permitted to prove and recover, as part of their damages, the amount of injury to goods in their store belonging to a co-occupant, F. W. Smith, who did business there on his own account. They neither had possession nor any right of possession of these goods, and the charge, that as to such goods the defendant was bound specifically to set up in his answer such want of title in plaintiffs, was erroneous.

4. There are some other errors in the numerous rulings of the judge, to which exceptions were taken, as to which any particular discussion is unnecessary, as the foregoing considerations are controlling in principle, and afford sufficient direction on a new trial, which should be ordered, with costs to abide the event.