## PROVIDENCE COUNTY.

### M. M. INMAN & CO. *vs.* ASA K. POTTER *et als.*

A water supply pipe passed through two stores, then through the plaintiff's store and then up into the defendant's store. The plaintiff had several times opened the water cocks in his store to flood his basins and had left the cocks open during the night. While these cocks were open the water did not reach the defendant's store. The defendant left his basin faucet open all night and the plaintiff's store was flooded.

*Held,* that the plaintiff was not precluded from recovering damages.

After the accident an examination of the stock in the plaintiff's store was made and a memorandum taken of the articles damaged. No separate account of the sale of the damaged goods was kept and the general sale books were not accessible.

*Held,* that evidence from the memorandum was admissible as no better evidence could be produced.

DEFENDANTS' petition for a new trial.

*December* 24, 1892. PER CURIAM. We cannot say that the verdict was against the evidence on the ground that the plaintiffs were guilty of contributory negligence. Although it is true that the plaintiffs had on several occasions fastened back the urinal faucet in their store for the purpose of flushing the basin, which had prevented, wholly or in part, the water from reaching the store of the defendant, Asa K. Potter, for longer or shorter intervals, and, either through forgetfulness or otherwise, had even allowed it to remain so fastened all night, such acts did not warrant the defendant, Frank Potter, in leaving open the faucet of the wash basin on the assumption that said urinal faucet had been so fastened on the night of the accident and would remain so all night. The testi-

mony does not show that in fact the urinal faucet had been fastened back on the night of the accident. Moreover, it appeared that the supply pipe passed through two other stores before entering the store of the plaintiffs. It may well have been that the occupants of these stores by their use of the water, instead of the plaintiffs, prevented it from reaching the store of the defendant, Asa K. Potter, at the time of the attempt of Mr. Frank Potter to draw it into the wash basin. The testimony shows that the mere drawing of water by those tenants through whose premises the supply pipe first passed was enough to prevent the tenants farther removed from obtaining water, especially at the time of the accident when the meter had become clogged so that it would at times fill up and obstruct the ordinary flow of the water. The cases cited by the defendants to this point are very different from the case at bar. *Rudolphy* v. *Fuchs*, 44 How. Pr. 155, *Brown* v. *Elliott*, 45 How. Pr. 182, and *Moore* v. *Goedel*, 34 N. Y. 527, 534, were to the effect that a plaintiff cannot recover for injury sustained by a similar overflow of water, when having a stop-cock on his own premises, and having assumed the duty of shutting off the water at night, he has neglected to perform that duty. *Ross* v *Fedden*, L. R. 7 Q. B. 661, was a case in which the injury to the plaintiff's premises and goods was occasioned by an overflow of water from a water closet by reason of the valve of the supply pipe getting out of order and failing to close, the waste pipe being also at the same time choked with paper. The defect in the valve and the choking of the waste pipe were not known to the defendants and could not have been discovered without an examination. The court held that the defendants were not negligent and, consequently, that the plaintiff could not recover.

Nor do we think the court below erred in permitting the plaintiff, Inman, to testify as to his estimate of the damage to his stock. In the cases of *Wehle* v. *Haviland*, 42 How. Pr. 399; *Brown* v. *Elliott*, 45 How. Pr. 182, and *Teerpenning* v. *The Corn Exchange Insurance Company*, 43 N. Y. 279, cited by the defendants, the testimony, held inadmissible,

consisted of general and gross estimates made without examination, or knowledge, by the witness of the kind, or quality of the goods, or of the particular extent of the injury to the several articles, in respect to and on which such estimates were made. In short, as stated by Robinson, J., in *Wehle* v. *Haviland*, *supra*, such an estimate amounted to the mere guess or conjecture of the witness. In the present case, the witness, on the morning following the accident, made an examination of the stock and a memorandum of the number of suits, overcoats and other articles which had been damaged and based his estimate of the extent of the injury on that examination. It is doubtless true that if a separate account of the sales of the damaged goods had been kept, or if the sales of them could have been identified on the sales book in which they were entered with other sales, but which the witness testified he did not think he could produce on account of changes in the firm, such evidence would have been much more satisfactory. But no such account was kept and in its absence and in the absence of the sales book, and it not appearing that better evidence could have been produced, we are of the opinion that the witness' testimony was competent to go to the jury for their consideration.

We are also of the opinion, however, that the damages awarded were excessive, and we will, therefore, grant the defendants a new trial on that ground, unless the plaintiffs will consent to reduce the verdict to $350 and take judgment for that sum and costs.

*Simon S. Lapham*, for plaintiffs.

*Lorin M. Cook & John T. Blodgett*, for defendants.