## McGUCKIN v. WILKINS.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. JUSTICES—FAILURE TO APPEAR—LIABILITY FOR DAMAGES—EXTRAORDINARY STORM.

>On a day when a justice's summons was returnable, there was a blizzard of extraordinary severity, rendering all roads impassable. The justice resided three miles from where the summons was returnable. Plaintiff, after waiting an hour, and no one else attending, went to· the justice, and asked him to attend to the case, but the justice stated that he was not well enough to go out' in the storm, that he had lost jurisdiction, and would issue another summons without costs. ᵢHeld, that the justice was not liable for negligence in performing his official duties; no bad faith appearing, and a judicial officer not being required to meet engagements at his peril.

Appeal from Cortland county court.

Action by Hugh McGuckin against Clarence Wilkins. From a judgment reversing a judgment for plaintiff, he appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

William D. Tuttle, for appellant.

Dougherty & Miller, for respondent.

CHASE, J. The defendant, a justice of the peace in the county of Cayuga, having his office at his house in the town of Summerhill, in January, 1901, issued a summons in favor of the plaintiff against one K. and others, and issue was joined in said action. The case was adjourned by mutual agreement until the 14th day of February at the town hall in the town of Summerhill. On the 12th day of February, the worst and most severe blizzard known for several years commenced, and continued until the 16th day of February. The defendant resided about three miles, and the plaintiff about four miles, from said town hall. On the day to which the case was adjourned, the roads were impassable for teams. On that day, the mails were not carried on account of the storm. It was the first time that the mails had not been carried in that locality for four years. No effort was made by the people of that school district to open the roads until the 16th of February. On the 14th of February, the defendant was sick with a severe cold, and not well enough to be out in such a severe storm. He did not go out, or do any work except to assist in the work within the buildings at the farm. The plaintiff admits that there was a very severe storm on the day to which the case was adjourned, and that the roads were not open or passable for teams, but he went to the town hall by walking through the fields. He did not find any one there. He waited for more than one hour after the time to which the case was adjourned, and then went across the fields about two miles to the defendant's house, and asked the defendant to attend to the case. The defendant replied that he was not well enough to· go out in such a severe storm, and that he had now lost jurisdiction of the case. He further said that he would "issue a new summons, and restore the case to the time of trial," without charging any costs. Plaintiff said he would see counsel, and went away, and subsequently

77 N.Y.S.—25

brought this action against the defendant in the city court of Cortland, claiming damages by reason of the alleged negligence of the defendant in failing to perform his official duties. A trial was had, and judgment rendered against the defendant in favor of the plaintiff for $4 damages, besides costs, from which judgment an appeal was taken to the county court of the county of Cortland, where the judgment so rendered by such city court was reversed.

A judicial officer is not required at his peril to meet engagements. So far as his duties are ministerial, he, like other public officers, is required to exercise reasonable diligence in the discharge of official duties. The record does not disclose any evidence of bad faith on the part of the defendant, and a simple statement of the facts is sufficient to show that the defendant should not be held negligent in the performance of his duties as a justice of the peace.

Judgment should be affirmed, with costs. All concur.