JOHN LUCKIE, Plaintiff, *v.* J. EUGENE GODDARD, Individually and as Police Justice of the Village of East Rochester, Defendant.

Supreme Court, Monroe County, July 20, 1939.

*Converse & Converse*, for the plaintiff.

*Paul S. Kreag*, for the defendant.

VAN VOORHIS, J.  Plaintiff pleaded guilty to reckless driving before defendant as police justice of the village of East Rochester. No property damage from the reckless driving was charged in the information.  Defendant fined him ten dollars and suspended his operator's license for a period of sixty days.  Defendant had the power to suspend the license regardless of whether property damage or personal injury was involved.  (Vehicle & Traffic Law, § 71, subd. 3.)  Defendant did, however, certify to the Commissioner of Motor Vehicles that plaintiff's reckless driving resulted in property damage to a parked automobile.  Where personal injury or property damage has resulted from reckless driving it is mandatory upon the Commissioner of Motor Vehicles to suspend the operator's license and registration certificate pending the furnishing of proof of financial responsibility.  (Vehicle & Traffic Law, § 94-a.)  The Commissioner of Motor Vehicles did so in this case. Later the plaintiff's licenses were restored as a result of court proceedings after it was shown that property damage had not been involved.  The plaintiff does not aver that defendant's certificate was intentionally false, but brings this action on the theory of negligence to recover the legal expenses of recovering his licenses

and other damages that he claims to have sustained. The foregoing facts appear from the complaint and for the purposes of this motion are assumed to be true.

Defendant asks for judgment on the pleadings on the ground that he is protected by the immunity from suit which surrounds judicial acts. The plaintiff contends that the making of a certificate of conviction was a ministerial and not a judicial function, for which an action will lie. The distinction was stated thus in *Wilson* v. *Mayor* (1 Den. 595, 599): " But the civil remedy for misconduct in office is more restricted, and depends exclusively upon the nature of the duty which has been violated. Where that is absolute, certain and imperative, and every mere ministerial duty is so, the delinquent officer is bound to make full redress to every person who has suffered by such delinquency. Duties which are purely ministerial in their nature are sometimes cast upon officers whose chief functions are judicial. Where this occurs, and the ministerial duty is violated, the officer, although, for most purposes, a judge, is still civilly responsible for such misconduct.

" But where the duty alleged to have been violated is purely judicial, a different rule prevails; for no action lies in any case, for misconduct or delinquency, however gross, in the performance of judicial duties. And although the officer may not in strictness be a judge, still, if his powers are discretionary, to be exerted or withheld, according to his own view of what is necessary or proper, they are in their nature judicial, and he is exempt from all responsibility by action for the motives which influence him, and the manner in which such duties are performed. If corrupt, he may be impeached or indicted, but the law will not tolerate an action to redress the individual wrong which may have been done." That is the settled rule of ancient origin which has been followed to the present day. (*Lange* v. *Benedict*, 73 N. Y. 12; *McGuckin* v. *Wilkins*, 75 App. Div. 167.)

It is well established that a justice of the peace in making a return upon appeal acts ministerially and is responsible to the party injured for negligence therein. (*Houghton* v. *Swarthout*, 1 Den. 598, where the error was in stating the amount of the judgment; *MacDonell* v. *Buffum*, 31 How. Pr. 154, where the return failed to set forth the refusal of the justice to admit certain testimony which it was contended constituted reversible error; *Kidzie* v. *Sackrider*, 14 Johns. 195, in which the return certified that a juror had been excused by the plaintiffs instead of by the defendant.) In *Christopher* v. *Van Liew* (57 Barb. 17) a justice of the peace was

held liable for damages resulting from his mistake in entering in his docket a judgment as in favor of the defendant and against the plaintiff instead of in favor of the plaintiff against the defendant. The court ruled that the case did not fall within the rule of judicial impunity for acts done by a judicial officer in the trial of causes and rendition of judgments; it being settled that the act of entering the judgment in the docket by the justice is a ministerial act and is no part of the judicial function of rendering the judgment. That is in conformity with *Evarts* v. *Kiehl* (102 N. Y. 296, DAN-FORTH, J.), holding that the power of a justice of the peace to render judgment is judicial, but that his duty to enter it in his docket within four days thereafter is ministerial. Officers whose functions are *quasi* judicial have also been held liable for making false returns in certiorari proceedings. (See *People ex rel. Lester* v. *Eno*, 176 N. Y. 513, 518.)

These decisions lead to the conclusion that a justice, in rendering his certificate to the Commissioner of Motor Vehicles under the Vehicle and Traffic Law, is engaged in the performance of a ministerial rather than a judicial function. The duty of the justice, or his clerk, where one exists, to certify to the Commissioner of Motor Vehicles is prescribed by sections 70, subdivision 11, and 94-a. Under the former he is required in case of conviction to certify " the facts of the case." Under the latter he is required to forward either a certified copy of the " judgment, order, or certificate of conviction " or " a certificate * * * showing the facts of the conviction." Under both sections the certificate is made presumptive evidence of the facts stated. Under either it may be made by the clerk as well as the justice. Reckless driving is not a mere traffic infraction but a crime. The acts and omissions constituting it must be specifically charged in the information. (*People* v. *Grogan*, 260 N. Y. 138.) Property damage or personal injury may or may not, in a particular case, be a factor in the conduct which constitutes the crime (§ 58). Doubtless where a driver has pleaded guilty upon an information charging the infliction of property damage or personal injury as among the circumstances in which the commission of the crime consists, or where a justice has made such a determination after a trial, he or his clerk is authorized to state that fact in the certificate, which thereupon becomes presumptive evidence on which the commissioner can make a similar finding. In any case, the certification which is provided for by statute does not involve the exercise of judgment or discretion but the report of a determination already made. That involves a duty which is absolute, certain and, therefore, minis-

terial. (Cf. *Matter of Gardiner* v. *Harnett*, 255 App. Div. 106, per CUNNINGHAM, J.)

It is not deemed necessary to decide whether the Commissioner of Motor Vehicles would be liable to suit in case of negligence upon his part in suspending or revoking a license. Vehicle and Traffic Law, section 71, subdivision 6, states that revocation or suspension shall be deemed an administrative act reviewable by the Supreme Court as such. Use of that language has been held not to deprive action by the Commissioner of its *quasi* judicial nature essential to review by certiorari. (*People ex rel. Albrecht* v. *Harnett*, 221 App. Div. 487. See *People ex rel. Desiderio* v. *Conolly*, 238 N. Y. 326; *People ex rel. Kennedy* v. *Brady*, 166 id. 44, holding that only *quasi* judicial acts are reviewable by certiorari.) This action is not based upon a decision by the Commissioner but upon a certificate by a police justice concerning what has actually occurred in his court.

The motion for judgment on the pleadings is denied in so far as the action is against the defendant individually but is granted and the complaint dismissed against the defendant as police justice of the village of East Rochester, inasmuch as the duties of a magistrate are laid upon the officer and not upon the municipality. (*Maxmilian* v. *Mayor*, 62 N. Y. 160.) No costs of the motion are allowed to either party.